Good morning, Your Honors. Devin Burstein on behalf of Mr. Nguyen. Your Honors, in Curtin, this Court, en banc, held, quote, as a matter of law, a court does not properly exercise its balancing discretion under Rule 403 when it fails to place on the scales and personally examine and evaluate all that it must weigh. The en banc Court continued, one cannot evaluate in a Rule 403 context what one has not seen or read. Here, Your Honors, as the government concedes, the District Court had not seen the graphic video and images before allowing their admission over Mr. Nguyen's objection. That in and of itself is an error requiring reversal, but there's much more. Now, to take a step So the other side says that he, the Court, reviewed the notes describing what was in the videos. Do you disagree with that? Yes, I do, Your Honor. He points to items in the record noting what the notes indicate and saying that he's looking at the notes. Well, two points, Your Honor. First, ER 371, he says, I haven't read this. Second, it doesn't matter. Curtin specifically says you don't get to rely on the adversary's description of it. You, the judge, must actually view or read the actual evidence. That's the whole point. Yes, just a minute here. Let's make sure we have the facts. As I understand, the Court did receive or did have in front of it, and you can argue about whether the Court reviewed it or not, exactly what was going to be put in. As I understand it, as well, and you can tell me if I'm wrong, the Court severely limited what would be played. You are wrong, Your Honor, and respectfully I say that. The Government will concede it did not give the images and the video to the Court before. The Court, under no circumstances Just a minute. But before we got to what was actually done, the Court did limit what the Government could do. Right, and in Curtin, the Court limited I'm not talking about Curtin. I'm trying to get the facts, if you remember what I said to you. Yes, sir. The facts are simply that the Court limited what it would allow to begin with. The Court had in front of it some, if you will, written transcript of what would be done. You were arguing they didn't ever look at that. Then the Court did give a cautionary instruction. Yes. Right? Yes. Do you make any allegation that some of the images or videos would be more or less prejudicial? Let me understand the question, Your Honor. Are you saying of the three, which is the most prejudicial? No, I'm saying do you make an allegation that some of the images or the videos might be more or less prejudicial? These were not mere images of nudity. These three images, the video and the two images were hardcore images. So on the video, my understanding, just again referring to the facts, was that the District Court allowed for the three seconds just showing that they were children, not engaged in sexual acts, and then three seconds of a sexual act. Five seconds of a pre... I mean, the descriptions are at ER 677. So I guess the question that, as I understand Judge Smith to make, is that would it matter if there was three seconds in the middle of the video or three seconds at the end of the video? In other words, was there some difference given that the three seconds were there to show that it was children engaged in sexual acts? Yes, it would matter because you didn't... It's more prejudicial to show, for example, a prepubescent minor orally copulating a fully grown man. But Your Honors, these facts, this court's case law is absolutely clear. Curtin is an en banc decision. Well, I understand what Curtin says. I guess what I'm trying to get at is that if, in fact, I could say the court shouldn't have let it in. My next question is, is the evidence against him so overwhelming that it doesn't matter? Absolutely not. The government in this country... And that's why I'm trying to get you to focus on the facts as to what it is you're really fighting about. If you're just going to say, well, Judge Smith, you've got an en banc decision that says if he doesn't look at it, it's automatically a bad sin and you ought to throw this out. I don't think that's the issue. The issue is what are the facts? I know I have that decision, and yet I also know that if the evidence against him is overwhelming, then I am going to nonetheless say you don't get any reward here. Okay, Your Honor. Let's go directly then to harmlessness, if it pleases the court. So assuming the court agrees that it's legal error under Curtin, Waters, McElmurray, what happened here? And we also have the whole stipulation issue that we haven't touched on. But let's just assume for a minute that it is legal error as we planned. So in this context, as the court recently made clear in Wells, we essentially begin with a presumption of prejudice. And quoting from Job, the court must reverse unless it's convinced that the error did not contribute to the verdict. The government bears the burden. It can't meet its burden. So let's start with the past and then move to the facts. Well, I thought the defense theory was that he hadn't downloaded those items. So regardless of whether they were child pornography or not, I thought the theory of defense was he hadn't downloaded them. It was done by people who were passing in and out of his room. So how does the showing of the three seconds or the five seconds affect that theory? Wouldn't it be irrelevant to that theory? Well, Your Honor, that kind of proves the point. And if it's irrelevant, then it shouldn't have come into being anyway. But that's not the point you're making, right? We're thinking of harmlessness as opposed to whether there was an error in bringing it in. Right. So what this Court has said, and I think we all know from common sense, is that graphic – quoting Curtin again – graphic images of child pornography are inherently depraved and patently prejudicial. So what we have here are the types of images that get seared into a juror's mind. And what do we have on the other side, which is I think really the – really what Judge Smith is asking me to get to? We have a very close case. We have – and I've never seen this in another case – we have all of Mr. Wynn's personal devices, his Hewlett-Packard computer, his tablet, his thumb drive, his cell phone, all contain no contraband whatsoever. It's interesting that when you're trying to define the harmless error, you go to the evidence that you would argue helps your opponent or helps you. What about the evidence that your opponent has that otherwise would convict your person? And that's why I think Judge Ikuda's question is pretty important. She stole it out of my mouth. The defense's argument was not the argument you're now making. The defense's argument had a different ring to it. And so therefore, I'm trying to figure out even if this would have come in, even if it's wrong, what would have been the harmfulness of it given your theory of the defense? Okay, Your Honor, and I think that this goes to exactly why the district court gave the cautionary instruction that Your Honor highlighted at the very beginning. You don't need a cautionary instruction if you're not worried about this coming in and being used unfairly. The common sense and this Court's case law all line up. If you see these kinds of images, you are more likely to hate the person. Whether or not it goes to the actual facts, that's the problem. That's the whole reason they wanted to keep it out in the beginning. That's why it's so prejudicial. That's why this Court uses the words inherently prejudicial, because those kind of images are a different sort. They are horrific images that strike us as human beings at our core. When you see that, and then you have a federal prosecutor telling you it's the defendant, you are naturally a human being going to look at that defendant with a very, very jaundiced view. And you're going to ignore the Court's instruction, and you're going to ignore what the defense is, and that's just going to be what you're going to do? That's not the standard, Your Honor. I ask you, is that what's going to happen here? We're talking about harmlessness here. And that's why, I mean, if in fact I can go down the way you want me to go, as to every bit that the judge should have done that they didn't, then the bottom line is, is it harmless? And that's why I'm asking those questions. And I understand that, and I appreciate getting to the point, but the standard, the legal standard for harmlessness, did it contribute to the verdict? The cautionary instruction was, that's the Job case that we cite, did it contribute to the verdict? The government has the burden. It's not my burden to prove that it's not, that it's harmful. Okay. So you want to sit down and just let the government talk? No, Your Honor. I'm just trying to let you pitch your argument on the record. I appreciate it. If you don't want the burden and you don't want to argue, I'm glad to let you sit down. Thank you, Your Honor. Thank you, Your Honor. But let's also talk about the fact that this jury deadlocked on four occasions, and that the cautionary instruction was fundamentally flawed, for the exact same reason that it was in Merino-Balderrama. This court rejected that harmlessness argument there. And it said, quote, the instruction was inadequate on its face. The instruction did not tell the jury how its viewing the films would assist it to determine whether the defendant viewed them or otherwise knew that they depicted child pornography. That's the same problem here. And that really gets back to Judge Acuda's question about, you know, the nature of the defense. That's the problem. This doesn't go to anything, Judge. It doesn't go to the – what it does is it inflames the passions of the jury. It is the classic, the only purpose here, especially given the stipulations. Counsel? Yes, Your Honor. You know, people get stipulations of all sorts, and they say, I stipulate that it's child pornography. Right. A lot of people on jurors have probably never seen anything like that, and hopefully never will. But you go back to what Congress did in its inception. They define what you have to prove, and then the courts come along and say, well, you can't do that because it's just too graphic. Right. What's the prosecutor left to do to try and prove their case? You have to have some snippet of that. And I, you know, it's a small amount of time compared to the volume of these things that people see all the time that is in my neck of the woods. You have to look at before, or you try to look at, but a lot of times you're hoping for a stipulation or something, but you have to have descriptive words in there about what kind of pornography is a conclusion. What were the acts that were being depicted among two people of different ages, and so on and so forth. And the mirrors say, well, that's child pornography. I'm not sure a stipulation can go that far. So that's why I think you have to do something. Your Honor, respectfully, that is not the law. That's exactly what old chiefs, the Supreme Court said is not the law. And Marino Balderrama addresses that exact point. You're right. A stipulation to have its significant evidentiary value has to check the full box. He was willing to stipulate it is child pornography under the statutory definition. And that anybody who sees it would know that it's child pornography. That relieves the government. It's a burden on those two points. But are you trying to say that if a district court permits a showing of child pornography to a jury and that was an error, that's per se reversible error, like structural error? Is that your position? No, Your Honor. Because that's why we were asking you about harmlessness. And you seem to be saying there can be no such thing in this context. No, no, no, Your Honor. There can be harmless error. So why wasn't it harmless here? There were three seconds shown and there was a case by the government showing that on the night in question, he was there and child pornography videos and materials were downloaded and were found along with his resume and college materials. Right. So when we're looking at harmlessness, the question is, could it have affected the verdict? It could have. So at the outset, it's important to note, as I started to, that the evidence on the other side of this was very strong. The jury deadlocked. The alibi evidence was incredibly strong. It showed he wasn't there when some of this downloading took place. There was testimony establishing that multiple people had access to this. It's not just two seconds, Your Honor. You know, remember what Chief Justice Roberts wrote last term in Buck? Some toxins can be deadly in small doses. That's what this is. Let's just talk about the third image. And I hate to do this in open court. Do you want to save time for rebuttal or do you want to finish up with your... Let me just say this one thing, Your Honor. Let's talk about the third image because it's not just three seconds. The third image is a baby in bondage with the words lick me written on it. If that doesn't sear into your mind as a juror, then I don't know what else to say. Thank you. Thank you. May it please the court, Daniel Zip on behalf of the United States. Your Honor, the district court was within its discretion in allowing the United States to play a short clip from one of the videos recovered and two still images in this case. I had trouble understanding what is it that you were trying to prove by showing the clips. In the cases that were cited, the clips were being shown to disprove an element of the defendant's defense. I didn't know that this was pornography. But there was nothing like that in this case because the defendant's theory of defense was I didn't download it. I had nothing to do with it. It was somebody else. So why was it necessary to show a clip given the stipulation? Your Honor, I think it goes to the element of knowledge is why we put these in in this case. We were required to prove that the videos... He stipulated that it's reasonable that a reasonable person would think this was child porn. He didn't deny that it was child porn. What was he supposed to have knowledge of? His theory was somebody else downloaded it to the computer. I wasn't there. I didn't do it. What was he supposed to have knowledge of? Your Honor, he would not stipulate to the fact that he knew that this was sexually explicit conduct and that he knew the age of the victims involved. And that's the crux of the matter here. We had to prove not that a reasonable juror would know that this is child pornography, but that this defendant himself knew the age of these victims. He would not stipulate to that. And the best, most probative evidence of that is for the jury to see it themselves for a brief amount of time. And the district court in this case did everything it could to minimize any unfair prejudice from the viewing of these images. The United States began by requesting to play sort of lengthier 30-second clips of multiple videos. I think it was two videos. Over the course of 30 pages of appellate transcript, the court walks through the detailed notes of what was going to be played, and essentially negotiates down to where there was ultimately a six-second clip and two still images was all the jury was allowed to see. And then the court gave multiple instructions to the jury right around the time before and after it was played that they should not be swayed by this, and that they should keep their focus on the main issue at trial, which is whether this defendant... But he did not see the clips before they were played, correct? He did not watch the actual videos, no, Your Honor. Did he see the transcript of it? Yes, if you read the record... He suggests, and I didn't write down the exact place in the record that he cited, that he didn't look at it. I don't think that's a fair characterization of the record. It starts around 372 and continues for about 10 pages. The prosecutor begins by saying, I have these notes. I can hand it up to Your Honor. And then a few pages later, the court says, I'm looking at it and discusses individual notes about... It asks, what does this mean when it says one minute, two seconds? So I think the record is clear that the court had the notes, was discussing with the parties what was going to come in, and ultimately, by the end, said the defense should meet with the prosecutor, go over a second by second explanation of what the United States intends to produce. And at that point, the defendant never objected and never said, well, we need the court to view those six seconds before making a ruling. So I think... Are you really saying that's invited error? No, just that it would certainly be plain error. They never objected on those grounds. But in any event, the case is cited by the defense in this case, Curtin and others, where the court allowed highly inflammatory evidence in written form to come in, entire stories or anarchist literature to come in without reading any of it. It's just simply not the same as this case where we're talking about a very limited six second video. The court reviewed detailed notes of what was coming in and then did its best to limit the prejudicial impact of that. And ultimately, even if it was illogical or implausible for the court to treat this evidence as it did, any error would have been harmless in this case. When the agents executed the search warrant on this defendant's house, he was asleep in his bedroom immediately next to a laptop on a stand next to his bed. On that laptop were a video file showing that the last 10 videos played on that laptop were child pornography videos, including one the day before the search warrant was executed. The agents had an external hard drive found in the same room that fit into that laptop that contained multiple other images of child pornography. On that same laptop were other evidence that belonged to the defendant, including resumes. And then there was evidence that the defendant played video games over the course of years using an account linked to his email account at the exact same time that child pornography was being downloaded onto that computer. So given that evidence that essentially his room was full of child pornography, the computer next to his bed had watched it the day before, any prejudicial impact of these six seconds of video and two still images, along with the court's curative instructions, would not have made a difference in the outcome of this trial. Let me go back to the question I asked your opponent, and that is, do you find that, as in this case, that oftentimes suggestions that I will stipulate to certain things do not cover the elements that you have to prove to a jury, and therefore the stipulation is somewhat vague or it doesn't really cover what you want out of it? Yes, Your Honor. I think for two reasons. One, the actual element of knowledge, as I mentioned before, we have to prove that this defendant knew the age of these victims in this video. So the statute says that the defendant has to know the age of the, that that involves children, because his claim was he had never seen any videos. He had nothing to do with them, but agrees that they were child porn and that they were underage children. So why is it that you have to prove that he knew the age, that he subsequently looked at these videos and agreed they were children? I'm still struggling with that. That's in the jury instructions for knowledge on this offense, Your Honor, that the defendant had to know the underage nature of the victims depicted. But he claims he never saw them, so they would have to say, the jury would have to determine he had seen the videos and he's already stipulated that they are child porn. So once the jury has determined that, in fact, he did see and download the videos, I'm not sure what the fact that they get to see the videos themselves and see its children, how that makes a difference. Well, I think if the jury disbelieved his defense and said, agreed that he had viewed the videos, maybe then... And he stipulates they're child porn, so that's all you need, right? Legally, yes. But I think the second point I was going to make is that there's a difference in the real world between sort of a dry legal stipulation and the best evidence to prove an element that the United States has the burden to prove. I mean, numerous... You had to prove they were child porn. And in fact, he stipulated it was child porn. But the argument of opposing counsel is, I understand it is, you wanted to show the videos to the jury so that the defendant would look like a bad person or a worse person. No, Your Honor. I think going to that knowledge element, the best evidence that the United States had in its position, and it was the central aspect of this entire prosecution, was that this evidence, anyone who viewed this for even a second would know the age of the victim. And you think the jury would not have believed it was child porn if it was only relying on the stipulation by the defendant? They may have, but it's certainly not the best evidence that the United States had in its possession. And it wasn't an abuse of discretion. It wasn't illogical or implausible for the court to say, you can put in your best evidence, but I'm going to limit it, I'm going to cabinet it to these six seconds, and I'm going to exhaustively instruct the jury not to have this. Okay. So the purpose of introducing it wasn't actually to show knowledge. It was to establish without doubt that it was child porn that was downloaded onto the computer. Is that what you're now saying? No, Your Honor. The purpose was to prove that this defendant knew that it was sexually explicit. Did he ever deny that? Did he deny that he, that, that was, I mean, I thought he stipulated to that. I mean, she, she makes a good point. He was stipulating the very thing that you now say you needed the video to do. Well, sort of. He never, he, they, he explicitly declined. This is child porn. Yes, but he declined to stipulate that he knew that this was child porn, or he knew that these were the age of the actors. Well, he, because, that he knew. And then there's multiple cases that have made that distinction, that simply saying that a reasonable person would recognize this as, meets the statutory definition of child pornography is not the same as the defendant admitting, I personally knew the age of these image, victims in these images. I knew. Well, he claims he never looked at it. He never looked at it. Why would he? Right. His defense wasn't that. But, but that. But we still have to prove it. Even if that's his defense, we still have to prove that element to the jury. And that's an element he's not willing to stipulate to. This element we had the best evidence to prove was this video. And the district court. Well, showing the video only proves it's child porn. It doesn't show that he knows anything. Well, it shows. It only proves as child porn, which he already stipulated to. It, it shows. Well, it doesn't show that he knows it, but it's the best evidence that anyone that clicked on this for a second and saw a prepubescent child. Okay. So, so it is being used to prove that it's child porn and, and, and that was the purpose of showing it to the jury. I, that's sort of the circular argument that we're going on here. I, I, yes. But at the same time, I think incumbent in that is that it's to prove that this knew that it was child pornography and knew the age of the victims on the, depicted on the video. Aren't there other elements in that statute though, that when it is a child pornography is sort of a conclusory term. Don't you have to show other things within that statute as a certain age and age differential and things like that? Um, or is that a different type of statute? I don't believe so, your honor. I think that the relevant elements here would, would be sexually explicit conduct and that the defendant knew the age of the individual's picture. That's what's in the statute. Yeah. So, I mean, that's why I'm saying the age of, of that, did he offer to stipulate to that? I don't know that. It is, well, he stipulated it was child porn. So, so presumably he stipulated to the age of the victims. There was never a formal stipulation. It was all sort of discussed during this long colloquy with the parties on the court, but I think the general stipulation was that a reasonable person would know this is child porn or something to that effect. Um, so ultimately it's our position that district court did what it could to limit the prejudicial impact of this case. Um, it was not illogical or implausible for the court to allow the six second snippet and two, uh, still images. And even if it wasn't an abuse of discretion, given the otherwise overwhelming evidence of the defendant's possession in this case, um, any error on the part of the district court would have been harmless. Um, I'm happy to address any of the other issues raised, uh, if the court has questions. Apparently not. Thank you. Thank you. Your honor. Sorry. I usually have a poker face, but I feel a little bit like I'm in the twilight zone. Uh, it doesn't, uh, the, the images don't make it more or less likely that he, that is Mr. Wynn right there, saw the child pornography. They were done. Uh, it doesn't go to any element of the offense. He, just as you said, Judge Ikuda, he offered to stipulate that it was child pornography. That is, it met the statutory definition and that anybody seeing it would know it. His only thing is it wasn't me. The images are not probative of that fact whatsoever. Okay. Thank you. Thank you for your argument. In the case of a United States versus Joseph Wynn is submitted. And the next case for argument is a United States versus Jeffrey.
judges: Ikuta, N.R. Smith, McNamee